IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; and Midwest Operating Engineers Retirement Enhancement Fund, <br><br> Plaintiffs, <br><br> v. <br><br> All Source Directional Boring Inc., a dissolved Illinois corporation; Anthony M. Carbone, an individual; Justin Schultz, an individual, <br><br> Defendants. | Case No. <br><br> Judge: <br> Magistrate Judge: |

## COMPLAINT

Plaintiffs Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, and Midwest Operating Engineers Retirement Enhancement Fund (collectively "the Funds"), bring this action to collect contributions and dues from Defendants All Source Directional Boring Inc., a dissolved Illinois corporation ("All Source"); Anthony M. Carbone, an individual; and Justin Schultz, an individual.

### COUNT I.  SUIT FOR DELINQUENT CONTRIBUTIONS

1.  Local 150 of the International Union of Operating Engineers, AFL-CIO ("Local 150" or "the Union"), is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant All Source is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5), and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Joliet, Illinois.

3. All Source identified Anthony M. Carbone as its President (Exhibit A).

4. On January 1, 2021, All Source, through its Vice-President of Operations Justin Schultz, signed a Memorandum of Agreement (Exhibit B) with the Union that adopted the terms of a collective bargaining agreement ("CBA") known as the Fibert Optics and Cable Installation Agreement between Local 150 and the Utility Constructors Inc., which was effective February 1, 2021, through January 31, 2024, during the timeframe in which the Company was delinquent (excerpts attached as Exhibit C).

5. The CBA and the Agreements and Declarations of Trust incorporated therein require All Source to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002(3).

6. The CBA and Trust Agreements specifically require All Source to:

(a) submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b) compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of 10 percent of untimely contributions, or 20 percent of such contributions should the Funds be required to file suit;

(c) pay interest to compensate the Funds for the loss of investment income;

(d) make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e)     pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(f)     furnish to the Funds a bond in an amount acceptable to the Funds.

7.     All Source has become delinquent in the submission of its reports and contributions due the Funds. As a result of this delinquency, it owes the Funds contributions, liquidated damages, and interest.

## Jurisdiction and Venue

8.     This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145, and 28 U.S.C. § 1331, because ERISA is a federal statute.

9.     Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

## Allegations of Violations

10.     ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

11.     Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees, and costs. ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports, or submitted reports without accompanying payment, so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

12. All Source has violated ERISA and breached the CBA and the Trust Agreements because it has failed to submit its reports, or submitted reports without accompanying payment, and thus has failed to submit fringe benefit contributions timely to the Funds, and refused to pay liquidated damages and interest that have accrued.

13. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by All Source, there is a total of $21,765.14 known to be due the Funds from All Source, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

14. As Officers of All Source, President Anthony M. Carbone and Vice-President of Operations Justin Schultz are personally liable for all post-dissolution delinquent amounts alleged in this Complaint.

WHEREFORE, the Funds respectfully request that the Court:

(a) enter judgment in favor of the Funds and against Defendants for all unpaid contributions as identified in All Source's contribution reports;

(b) order All Source to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

(c) order All Source at the Funds' option to submit to an audit of its payroll books and records in order to determine whether All Source owes additional sums to the Funds, and pay the costs of such an audit; or alternatively, at the Funds' option, require All Source to pay any contributions reasonably estimated to be due by the Funds for the period when All Source failed and refused to timely submit contribution reports;

(d) enter judgment against Defendants and in favor of the Funds for liquidated damages, interest, attorneys' fees, and costs associated with all delinquent contributions;

(e) provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Defendants' cost.

Dated: August 21, 2025            Respectfully submitted,

                                                     By: /s/ Dale D. Pierson
                                                          One of the Attorneys for Plaintiffs

Dale D. Pierson *(dpierson@local150.org)*
Charles R. Kiser *(ckiser@local150.org)*
Institute for Worker Welfare, P.C.
6141 Joliet Road
Countryside, IL  60525
Ph. 708/579-6661
Fx. 708/588-1647