**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Dynasty Utility Services Inc., f/k/a All Source Directional Boring Inc., a dissolved Illinois corporation, *et al.*,<br><br>Defendants. | Case No. 25-cv-9995<br><br>Judge: Rebecca R. Pallmeyer<br>Magistrate Judge: Gabriel A. Fuentes |

**JUDGMENT ORDER**

This matter coming on to be heard upon the Motion for Entry of Default and Judgment filed by Plaintiffs Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, and Midwest Operating Engineers Retirement Enhancement Fund, it appearing to the Court that Defendants Dynasty Utility Services Inc., f/k/a All Source Directional Boring Inc., a dissolved Illinois corporation ("Defendant Company"); Anthony M. Carbone, an individual; and Justin Schultz, an individual, having been served with process and failing to appear, plead, or otherwise defend in this matter within the time proscribed by the Federal Rules of Civil Procedure, the Court, being fully advised upon evidence submitted with Plaintiffs' Motion, FINDS:

1. The Court has jurisdiction over the subject matter herein and of the parties hereto.

2. Defendants failed to answer the Complaint and respond timely to Plaintiffs' Motion for Entry of Default and Judgment.

3. Defendant All Source Directional Boring Inc. dissolved on May 9, 2025. Individual Defendants Carbone and Schultz therefore are individually responsible for all post-dissolution debt owed by Defendant Company to Plaintiffs. However, there is no current post-dissolution debt. Therefore, the Court dismisses Plaintiffs Carbone and Schultz from this case.

3. Defendant Company is bound to a collective bargaining agreement with Plaintiff International Union of Operating Engineers, Local 150, AFL-CIO, and the Agreements and Declarations of Trust that are incorporated therein.

4. Defendant Company is obligated to make contributions to Plaintiffs Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, and Midwest Operating Engineers Retirement Enhancement Fund in accordance with the collective bargaining agreement.

6. When Defendant Company fails to submit contributions timely, as documented in this case, it is required to pay liquidated damages, interest, and attorneys' fees, and costs.

7. As of the date of the Motion, Plaintiffs have expended $3,625.00 in attorneys' fees and $512.94 in costs.

8. There is no just cause for delay in the entry of a Judgment Order as to the sum of $22,095.78 to Plaintiffs Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, and Midwest Operating Engineers Retirement Enhancement Fund by Defendant Company.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:

Plaintiffs Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, and Midwest Operating Engineers Retirement Enhancement Fund shall

recover from Defendant Company the amount of $22,095.78 for contributions, liquidated damages, and interest. Plaintiffs shall recover attorneys' fees in the amount of $3,625.00 and costs in the amount of 512.94. It is ordered thus that Plaintiffs shall recover from Defendant Company the total amount of **$26,233.72**.

Plaintiffs are awarded immediate execution for the collection of the full Judgment amount and costs and fees granted hereunder.

The Court hereby retains jurisdiction of this cause and all of the parties hereto for the purpose of enforcing this Order.

ENTER:

UNITED STATES DISTRICT COURT JUDGE

DATED: January 28, 2026